IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNSON CONTROLS, INC. | § | |
| | § | |
| *vs*. | § | C. A. NO. H – 12 – 3353 |
| | § | ADMIRALTY |
| M/V PHILADELPHIA EXPRESS, | § | |
| *etc., et al.* | § | |

***ORIGINAL COMPLAINT***

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Johnson Controls, Inc. files this Original Complaint against Defendants, the M/V PHILADELPHIA EXPRESS, *in rem*, and Hapag–Lloyd USA LLC ("Hapag USA"), Hapag–Lloyd AG ("Hapag AG"), Expeditors International GmbH ("Expeditors"), Ceres Gulf, Inc. ("Ceres") and Gulf Winds International, Inc. ("Gulf Winds"), *in personam*, and respectfully will prove by a preponderance of the credible evidence:

1.  This action arises from damage and loss to a maritime cargo, a maritime tort and/or breach of a maritime contract. Accordingly, the Court has original jurisdiction of this admiralty and maritime claims under 28 U.S.C. §1333(1).

2.  Plaintiff is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. At all times material, Plaintiff owned a cargo consisting of an Injection Molding Press with parts and accessories (the "cargo").

3.  Hapag USA is a Delaware corporation with its principal place of business in

Tampa, Florida. At all times material, Hapag USA owned, managed and/or operated the M/V PHILADELPHIA EXPRESS as a common carrier of goods by water for hire between various ports, including the Ports of Bremerhaven, Germany and Houston. Hapag USA is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Hapag USA is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Hapag USA may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Hapag USA has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Hapag USA is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Hapag USA with a summons is effective to establish personal jurisdiction over it. Hapag USA can be served by serving its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

    4.     Hapag AG is a foreign business entity organized under law in Germany with

its principal place of business in Hamburg, Germany.  At all times material, Hapag AG chartered, managed and/or operated the M/V PHILADELPHIA EXPRESS as a common carrier of goods by water for hire between various ports, including the Ports of Bremerhaven and Houston.  Although Hapag AG is a foreign entity not authorized to do business in Texas, at all times material, Hapag AG did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Hapag AG is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Hapag AG may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Hapag AG has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Hapag AG is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Hapag AG with a summons is effective to establish personal jurisdiction over it.  Hapag AG can be served by serving the Texas Secretary of State.  Process or notice can be sent to Hapag AG at its home office, Ballindamm 25, 20095 Hamburg, Germany.

5. Expeditors is a foreign business entity organized under law in Germany with its principal place of business in Frankfurt, Germany. At all times material, Expeditors was engaged in business as a Non–Vessel Operating Common Carrier, consolidating various cargos destined for carriage to and discharge at the Port of Houston, arranging for their ocean carriage, issuing to shippers bills of lading for their ocean transport, entering into charter parties, booking notes, bills of lading and/or other contracts of carriage for their carriage to the Port of Houston, entering into charter parties, booking notes, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing torts in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Expeditors is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Expeditors may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Expeditors has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Expeditors is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Expeditors with a summons is effective to establish personal jurisdiction over it. Expeditors can be served by serving the Texas Secretary of State. Process or notice can be sent to Expeditors at its headquarters located at Moenchhofallee 10, Raunheim 65479, Germany.

6. Ceres is a Delaware corporation with its principal place of business in East Brunswick, New Jersey, engaged in the business of stevedoring, cargo handling, terminal operations and ancillary surface transportation services at and near the Port of Houston. Ceres can be served by its registered agent, Corporation Service Company d/b/a CSC–Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701–3218.

7. Gulf Winds is a Texas corporation with its principal place of business in Houston, engaged in the business of providing cargo drayage and local and long–haul transportation of cargos from and near the Port of Houston. Gulf Winds can be served by its registered agent, Robert D. Axelrod, 5300 Memorial Drive, Suite 700, Houston, Texas 77007.

8. On or about July 2, 2012, Plaintiff's shipper tendered the cargo in good order and condition to Hapag USA, Hapag AG and Expeditors at Bremerhaven. Hapag USA, Hapag AG and Expeditors agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition as when received, in consideration of paid freight charges. Hapag USA, Hapag AG and Expeditors acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued various bills of lading including Bills of Lading Nos. HLCUMUC120603988 and 6580017879, free of exceptions or other notations for loss or damage.

9. On or about July 23, 2012, the M/V PHILADELPHIA EXPRESS arrived at

the Port of Houston where Hapag USA, Hapag AG, Expeditors and/or Ceres (a) discharged the cargo, (b) segregated the cargo by bill of lading and count, (c) put the cargo in a place of rest onto a fit and customary wharf so that it was accessible to its consignee, (d) gave the consignee notice of the cargo's arrival, and (e) gave the consignee a reasonable opportunity to come and pick up the cargo or place it under proper care. In all respects, Hapag USA, Hapag AG, Expeditors and/or Ceres effected delivery of the cargo to persons charged by the law and the usage of the Port of Houston with the duty to receive the cargo and distribute it to the consignee.

10. In consideration of charges paid or agreed to be paid, on or before July 23, 2012, Expeditors and/or Gulf Winds expressly and/or impliedly had promised to or for Plaintiff safely to receive the cargo at the Port of Houston and dray it to McAllen, Texas in the same good order and condition as when received.

11. Thereafter and during the course of the cargo's initial drayage from the Port of Houston to Gulf Wind's East Barbours Cut Boulevard facility, the carrying trailer jackknifed and/or overturned, proximately causing the cargo to sustain physical damages.

12. The damages and Plaintiff's loss proximately resulted from Gulf Wind's and/or Expeditors' conduct constituting negligence, failure and/or refusal to comply with Plaintiff's express and/or implied instructions, breach of contract, material and unreasonable deviation from contract, breach of bailment and/or violation of the statutory and/or regulatory duties of a freight forwarder, drayman and/or common carrier of goods by road for hire.

13. Alternatively, the damages and Plaintiff's loss proximately resulted in whole or in part during or after the course of ocean carriage from the conduct of Hapag USA, Hapag AG, Expeditors and/or Ceres constituting negligence, breach of contract, breach of bailment, failure to perform services in a workmanlike manner and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V PHILADELPHIA EXPRESS.

14. Plaintiff cannot more specifically allege Defendants' respective act(s) and/or omission(s) constituting negligence. Plaintiff invokes and relies upon the doctrine of *res ipsa loquitur* because the character of the loss was such that it would not have happened in the absence of negligence, and the instrumentality causing the occurrence was exclusively within each Defendant's control.

15. Plaintiff proximately has sustained damages exceeding $465,564.20 plus interest dating from July 2, 2012, demand for which has been made upon Defendants but which they refuse to pay.

16. At all times material, Plaintiff owned the cargo and/or brings this action for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), that are or become interested in the cargo.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Johnson Controls, Inc. prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V PHILADELPHIA EXPRESS and her engines, tackle, apparel, etc.; all persons claiming an interest therein

be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V PHILADELPHIA EXPRESS be condemned and sold to satisfy the damages aforesaid; and,

That this Honorable Court adjudge that the M/V PHILADELPHIA EXPRESS, *in rem*, and Hapag–Lloyd USA LLC, Hapag–Lloyd AG, Expeditors International GmbH, Ceres Gulf, Inc. and Gulf Winds International, Inc., *in personam*, are liable to Plaintiff, jointly and severally, for its damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

        Respectfully submitted,

        *SHARPE & OLIVER, L.L.P.*

By _____
        R. M. Sharpe, Jr.
        State Bar No. 18129000
        S. D. Texas No. 889
        550 Westcott, Suite 230
        Houston, Texas 77007–5096
        Telephone:   (713) 864–2221
        Facsimile:   (713) 864–2228

OF COUNSEL:

Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886

        ATTORNEYS   FOR   PLAINTIFF