IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNSON CONTROLS, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-3353 |
| | § | |
| M/V PHILADELPHIA EXPRESS, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Leave to Designate Responsible Third Parties ("Motion") [Doc. # 44] filed by Defendant Gulf Winds International, Inc. ("Gulf Winds"), seeking to designate Krauss Maffei Technologies GMBH, Krauss Maffei Corporation, Runtime Packaging GMBH, Hapag-Lloyd USA, LLC, Hapag-Lloyd AG, and Ceres Gulf, Inc. as responsible third parties pursuant to Texas Civil Practice & Remedies Code § 33.004.  Plaintiff Johnson Controls, Inc. opposes the Motion.  The Motion is **granted in part and denied in part**.

In pertinent part, § 33.004 provides that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party."  TEX. CIV. PRAC. & REM. CODE § 31.004.  Under § 33.011(6), a "responsible third party" "means [in pertinent part] any person who is alleged to have caused or contributed to causing in any way the harm for which

recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." Tex. Civ. Prac. & Rem. Code § 31.011(6); *see also Werner v. KPMG LLP*, 415 F. Supp. 2d 688, 702-03 (S.D. Tex. 2006); *Cortez v. Frank's Casing Crew & Rental Tools*, 2007 WL 419371 (S.D. Tex. Feb. 2, 2007). If a person is held to be a responsible third party, that person is to be included in the list of parties the jury may consider for allocation of responsibility for the plaintiff's damages. *See* TEX. CIV. PRAC. & REM. CODE § 33.003.

Plaintiff Johnson Controls, Inc. filed an Objection [Doc. # 46], noting that the Texas Code provision for designating responsible third parties does not apply to breach of contract claims. Plaintiff asserts in the Objection that it "asserts only a breach of contract claim against Gulf Winds . . .." *See* Objection, ¶ 5.

Gulf Winds filed a Reply [Doc. # 49], noting correctly that Plaintiff's First Amended Complaint includes negligence and other claims against Gulf Winds in addition to the breach of contract claim. *See* First Amended Complaint [Doc. # 37], ¶¶ 13, 15. Consequently, it is hereby

**ORDERED** that Gulf Winds' Motion for Leave to Designate Responsible Third Parties [Doc. # 44] is **DENIED** as to the breach of contract claim and

**GRANTED** as to all other claims.  If, as stated in the Objection, Plaintiff intends to assert only a breach of contract claim against Gulf Winds, Plaintiff may file a written notice that all other claims against Gulf Winds are abandoned.

SIGNED at Houston, Texas, this **24th** day of **October, 2013.**

_____
Nancy F. Atlas
United States District Judge